IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY MILTON,
# 08416-089,

Petitioner,

vs.

JAMES N. CROSS,

Respondent.                                   Case No. 15-cv-957-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

Petitioner Timothy Milton is an inmate who is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). Milton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in order to challenge his conviction and sentence in *United States v. Milton, et al.*, Case No. 06-cr-223-PP-1 (E.D. Wis. 2006) ("criminal case").

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I.   Background

On September 19, 2006, Milton was charged with the following four counts in a twenty-two count indictment: **Count 1** - conspiracy to possess with intent to distribute one kilogram or more of a mixture and substance containing heroin and fifty grams or more of a mixture and substance containing cocaine base resulting in death or bodily injury, 21 U.S.C. §§ 841(b)(1)(A), 846; **Count 3** - knowingly and intentionally distributing a mixture of substances containing heroin that resulted in death from the use of heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2; **Count 4** - knowingly and intentionally distributing a mixture of substances containing heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2; and **Count 6** - being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Doc. 20, criminal case).[1]

Milton entered into a written plea agreement on August 7, 2007, in which he agreed to plead guilty to Count 1 (Doc. 144, criminal case).  In exchange, the government agreed to dismiss the remaining counts of the indictment at the time of sentencing (Doc. 1-1, pp. 1-4).  Consistent with the plea agreement, Milton pleaded guilty to Count 1 on October 17, 2007 (Doc. 228, criminal case). Counts 3, 4, and 6 were dismissed on the government's motion. On September 16, 2008, Milton received a sentence of 216 months, followed by

---

[1] In order to determine Milton's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov).  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

five years of supervised release (Doc. 1-1, p. 3; Doc. 366, criminal case). Judgment was entered the same day (Doc. 367, criminal case). Milton did not file a direct appeal.

On October 5, 2009, however, Milton filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 463, criminal case). *Milton v. United States*, Case No. 09-cv-00959-CNC (E.D. Wis. 2009) ("collateral attack") (Doc. 1). He raised two constitutional challenges to his sentence based on grounds of ineffective assistance of counsel. First, Milton argued that his counsel forced him to seek an extension of the deadline for filing his original § 2255 motion. Second, Milton argued that his counsel failed to challenge the enhancements used to increase his sentence. Milton specifically challenged the adjustments to the base offense level calculated in the presentence investigation report (PSR) for being a leader or organizer, U.S.S.G. § 3B1.1(a), and for possession of a firearm, U.S.S.G. § 2D1.1(b)(a).

The United States District Court for the Eastern District of Wisconsin denied the § 2255 motion (Doc. 3, collateral attack). The district court assumed that the motion was timely, but concluded that Milton's sentence was *not* unconstitutionally enhanced under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), or its progeny. The district court further found that Milton's counsel did raise objections to the guidelines range as calculated in the PSR, and the court considered and overruled those objections. Accordingly, the district court denied the § 2255 motion and the certificate of appealability.

## II. Habeas Petition

Milton now challenges his conviction and sentence under the penalty enhancement provision of the Controlled Substances Act that is applicable where death or serious bodily injury results from the use of a distributed substance (Doc. 1-1, pp. 3-4). Milton cites *Burrage v. United States*, -- U.S. --, 134 S. Ct. 881 (Jan, 27, 2014), as a new, retroactive statutory interpretation decision that calls his conviction and sentence under Count 1 into question. According to Milton, the *Burrage* decision requires the government to prove beyond a reasonable doubt that his "knowing or intentional" distribution of heroin was the "but for" cause of death of the victim(s) at issue (Doc. 1-1, p. 4). He claims that the heroin at issue was merely a "contributing factor" in the death that resulted, not the "but for" cause of death. This is because the heroin was taken in combination with other drugs (Doc. 1-1, pp. 8). Under *Burrage*, the government could not have satisfied its burden of proof, and Milton would not have entered into a plea agreement conceding "but for" causation. Milton argues that his guilty plea under the written plea agreement cannot stand, and his counsel provided ineffective assistance when persuading him to enter it.

## III. Discussion

As a general matter, § 2241 is the appropriate means by which to challenge the fact or duration of confinement, while § 2255 is properly invoked when challenging the validity of a conviction and sentence. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012);

*Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Milton does not challenge the duration of his confinement, *per se*. Therefore, § 2241 does not appear to provide him with an appropriate avenue for relief.

Generally, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer*, 347 F.3d at 217. However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255.

A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Milton did not seek leave to file a second or successive § 2255 motion to pursue the arguments he now makes under *Burrage* because he claims that he was foreclosed from doing so.

The Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge a federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause," which authorizes a federal

prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 is inadequate or ineffective when three requirements are met: (1) the petition relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first § 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Rios*, 696 F.3d at 640. In *Hill*, the Seventh Circuit reiterated that "'[i]nadequate or ineffective' means that a 'legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"[2] *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Milton now contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. He relies on *Burrage* as the "new" statutory interpretation case that supports his request for relief under § 2241. He correctly asserts that he could not have relied on *Burrage* in his first § 2255 motion because it was decided after the motion.

*Burrage* is a recent decision in a line of cases that include *Alleyne v. United States*, 570 U.S. --, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*,

---

[2] Relevant to Milton's situation, § 2255(f) sets a one-year limitations period on filing a § 2255 motion. However, the one-year period runs from the later of, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

530 U.S. 466 (2000), holding that a factor which increases the minimum or maximum possible sentence must be submitted to a jury and found beyond a reasonable doubt. At issue in *Burrage* was whether a defendant may be sentenced under the enhanced penalty provision in § 841(b)(1)(C), which is a 20-year mandatory minimum sentence that applicable when death "results from" the use of the unlawfully distributed drug, if the use of the drug "contributes to, but is not a but-for cause of, the victim's death." *Burrage*, 134 S. Ct. at 885. The Supreme Court held that "but for" causation is required in order for the enhanced penalty to apply. *Id*. at 892. And the "death" enhancement has two elements: (1) knowing or intentional distribution of the controlled substance under § 841(a)(1); and (2) death resulting from the use of the drug under § 841(b)(1)(C). *Id*. at 887.

Upon review of *Burrage* in light of the petition, the Court now finds that further review of this matter is necessary. Without commenting on the merits of the § 2241 petition, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, a response shall be ordered.

### IV. <u>Disposition</u>

**IT IS HEREBY ORDERED** that Respondent Warden James N. Cross shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before November 12, 2015).[3] This preliminary order to

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 13th day of October, 2015.**

Digitally signed by David R. Herndon
Date: 2015.10.13 17:19:34 -05'00'

**United States District Court Judge**