IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY MILTON,

    Petitioner,

vs.                                       Civil No. 15-cv-957-DRH-CJP

T. G. WERLICH,

    Respondent.

## MEMORANDUM and ORDER

Petitioner Timothy Milton, an inmate in the custody of the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction for conspiracy to distribute heroin and cocaine base which resulted in death or bodily injury. He relies on *Burrage v. United States*, 134 S. Ct. 881 (2014).

Respondent files an answer at Doc. 14, and petitioner filed a reply at Doc. 16.

## Relevant Facts and Procedural History

Timothy Milton pleaded guilty to one count of conspiracy to distribute heroin and cocaine base which resulted in death or bodily injury, in violation of 21 U.S.C. § 841(a), in the Eastern District of Wisconsin. *United States v. Milton*, Case No. 06-00223-PP-1 (E. D. Wis.). Because death resulted from use of the heroin distributed by petitioner, he was subject to a statutory sentencing range of 20 years to life imprisonment pursuant to § 841(b)(1)(A). Under the statute, the 20 year minimum sentence applies when "death or serious bodily injury results

from the use of" a controlled substance unlawfully distributed by a defendant.

Milton entered into a written plea agreement. Case No. 06-00223-PP-1, Doc. 144, ¶5.[1]

In September 2008, Milton was sentenced to 216 months imprisonment. Case No. 06-00223-PP-1, Judgment, Doc. 367. At the sentencing hearing, the government orally moved for a downward departure from mandatory minimum sentence of 20 years pursuant to 18 U.S.C. § 3553(e). The court calculated his Guidelines range as 360 months to life, granted the § 3553(e) motion, and sentenced Milton to 216 months imprisonment. No. 06-00223-PP-1, Transcript of Sentencing Hearing, Doc. 481, pp. 14, 24-25.

## Applicable Legal Standards

**1. Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally

---

[1] The court uses the document, exhibit and page numbers assigned by the CM/ECF electronic filing system.

limited to bringing only *one* motion under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998):  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply

retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## 2. *Burrage v. United States*, 134 S. Ct. 881 (2014).

Burrage was charged with unlawful distribution of heroin, and the government sought to prove that death resulted from the use of the heroin so as to trigger the mandatory minimum sentence of 20 years. Unlike petitioner, Burrage did not plead guilty, but went to trial. The evidence at trial established that multiple drugs were present in the victim's body at the time of death. Two medical experts testified that heroin was a "contributing factor" in the death; neither could say that the victim would have lived had he not taken the heroin. *Burrage*, 134 S. Ct. at 885. Burrage argued on appeal that the trial court erred in applying a "contributing cause" standard rather than a "but-for causation" standard. The Supreme Court agreed:

> We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage*, 134 S. Ct. at 892.[2]

## Analysis

Petitioner Milton is not entitled to habeas relief under §2241.

---

[2] The identical "death results" provision appears in multiple sections of § 841(b), including §§ 841(b)(1)(A), the provision at issue here, and (b)(1)(C), the provision at issue in *Burrage*.

Respondent argues that petitioner does not meet the *Davenport* criteria for bringing a § 2241 petition because *Burrage* does not apply retroactively to cases on collateral review. However, since the filing of the response to the petition, the Seventh Circuit has held that *Burrage* is a case of statutory construction which applies retroactively to cases on collateral review. *Krieger v. United States*, 842 F.3d 490 (7th Cir. 2016); *Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. 2017), reh'g and suggestion for reh'g en banc denied (Sept. 28, 2017).

It is questionable whether petitioner can demonstrate a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, as required by the third *Davenport* requirement. Petitioner pleaded guilty to conspiracy to distribute drug amounts that called for him to be sentenced under §841(b)(1)(A). Under that section, without the "death results" enhancement, he was subject to a sentence of 10 years to life imprisonment. His sentence was one that the judge was legally permitted to impose, even without the "death results" enhancement, and he was sentenced to less than the mandatory minimum sentence of 20 years triggered by the "death results" enhancement. Under the reasoning of *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013), his sentence does not constitute a miscarriage of justice.

In any event, even if Milton can bring his *Burrage* claim in a § 2241 petition, he loses on the merits.

Petitioner's claim has two aspects. He argues that it was error for the

judge, rather than a jury, to make the finding that death resulted from his distribution of heroin. However, that argument relies not on *Burrage*, but on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). "The *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." *Krieger*, 842 F.3d at 499(emphasis in original). A claim relying on *Alleyne* cannot be considered here because *Alleyne* does not apply retroactively to cases on collateral review. *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017). And, Milton pleaded guilty, so there was no reason for a jury to make any findings at all.

The second aspect of petitioner's claim is that his guilty plea was not sufficient to establish that the "death results" enhancement can be applied to him because, according to him, the victims in his case died from a combination of drugs. That argument is foreclosed by the language of the plea agreement.

In his plea agreement, Milton acknowledged that "if this case were to proceed to trial, the government would be able to prove the facts contained in Attachment A beyond a reasonable doubt." Case No. 06-00223-PP-1, Doc. 144, ¶5. Section B of Attachment A, entitled "November 30, 2005 - Heroin Overdose Death of Angela Raettig," describes the circumstances leading to the death of seventeen year old Angela Raettig. That section includes the fact that Dr. Stormo of the Milwaukee County Medical Examiner's office performed an autopsy on Raettig on the date of her death and "Dr. Stormo determined Raettig's cause of

death to be a heroin overdose." Case No. 06-00223-PP-1, Doc. 144, p. 16.

Milton's admission that the autopsy showed that Angela Raettig's death was caused by a heroin overdose dooms his *Burrage* claim. Again, the holding of *Burrage* is that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct. at 892. Milton points to no evidence to suggest that Raettig had any other drugs in her system at the time of her death or that her use of heroin distributed in the course of the conspiracy was not an independently sufficient cause of her death. On the contrary, he agreed that a heroin overdose was, in fact, the cause of her death.

## Conclusion

Timothy Milton's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).